## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
## www.flsb.uscourts.gov

*In re:*

BEEGE HOLDING CORP.,   Case No.: 20-17683-PGH

    Debtor.    /   Chapter 11

### DEBTOR'S *EX PARTE* MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES AND INTRA-DISTRICT TRANSFER AND JUDICIAL REASSIGNMENT OF BANKRUPTCY CASE TO THE HONORABLE SCOTT M. GROSSMAN

Debtor-in-Possession, BEEGE HOLDING CORP. ("BeeGe" or the "Debtor"), by and through proposed undersigned counsel,[1] pursuant to sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit "A"** (i) authorizing the joint administration of Beesion Technologies, LLC; Case No.: 20-17684-SMG ("Beesion" and together with BeeGe, the "Debtors" and together, the "Bankruptcy Cases") and (ii) pursuant to 11 U.S.C. § 105 and Local Rules 1073-1(B), 5005-1(G)(1)(a), and 9013-1(C)(14), for the entry of an order re-assigning the above captioned bankruptcy case of BeeGe Case No.: 20-17683-PGH to the Honorable Scott M. Grossman in the Fort Lauderdale Division of the United States Bankruptcy Court of the Southern District of Florida. In support of this Motion, the Debtor

---

[1] Contemporaneously with the filing of the instant Motion, the Debtors will file their *Application for Approval, on Interim and Final Basis, of Employment of Jacqueline Calderin, Esq. and the Law Firm Agentis PLLC as Attorneys for the Debtors in Possession Nunc Pro Tunc to the Petition Date*.



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

relies on the *Declaration of Maria Yip in Support of First Day Pleadings* ("First Day Declaration")² [ECF# --] and states as follows:

## PRELIMINARY STATEMENT

1. The Debtors believe that joint administration will allow for the efficient and convenient administration of these Subchapter V Chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein). The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their creditors would not oppose the relief requested herein, which seeks procedural relief only.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 of the Bankruptcy Rules and Local Rules 1015-1, 1073-1 (B), 5005-1(G)(1)(a), and 9013-1(C)(14).

---

² The Debtors are in the process of finalizing the First Day Declaration, and if not already filed, same will be filed shortly.

2



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

**BACKGROUND**

4. On July 15, 2020, the Debtors commenced these Bankruptcy Cases by each filing voluntary petitions for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date"). Both Debtors are operating their business and managing their affairs as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee has been appointed in these cases.

6. The Debtors core business consists of the development, implementation, service and support of telecom-related software systems. The majority of the Debtors' current customer base is located throughout Latin America.

**RELIEF REQUESTED**

7. The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rule 1015-1 and respectfully requests that this Court enter an order directing the re-assignment of Case No.: 20-17683-PGH to the Honorable Scott M. Grossman in the Fort Lauderdale Division of this District pursuant to 11 U.S.C. § 105 and Local Rules 1073-1(B), 5005-1(G)(1)(a), and 9013-1(C)(14).

8. Local Rule 1015-1(A) provides in part:

> A party seeking joint administration of related cases shall file a motion seeking such relief in all affected cases. If all affected cases have not been assigned to the same judge, the party shall file a separate motion in each case assigned to a judge not presiding over the first-filed case, requesting transfer of each such case to the judge presiding over the first-filed case. In matters where joint administration is not at issue, a party seeking transfer of related cases to a single judge may file a motion seeking such relief in the case or cases to be transferred.

3

9. While the above-reference Local Rule 1015-1(A) provides for the reassignment to the first-filed case, the Debtor requests the entry of an order re-assigning the above-referenced bankruptcy case to the Honorable Scott M. Grossman as he is the judge presiding over the affiliate Beesion Case. BeeGe is the parent company but it is merely a holding company with no material operations. BeeGe's only creditor is Ocean Bank by virtue of having guarantied Beesion's debt. Beesion, on the other hand, is an operating entity with numerous creditors.

10. In accordance with Local Rule 5005-1(G)(1), the Debtor has attached hereto a proposed order (the "Proposed Order") granting this Motion as **Exhibit "A"**, which shall also be uploaded via CM/ECF in accordance with the Court's Guidelines for Preparing, Submitting and Serving Orders.

11. The Debtors specifically request that their Subchapter V Chapter 11 cases be jointly administered under the lead case of BeeGe Holdings Corp; Case No.: 20-17683-PGH.

12. These Subchapter V Chapter 11 cases and their reorganizations are interrelated, as BeeGe solely owns Beesion. Furthermore, Ocean Bank (the "Lender") is a common creditor.

13. Joint administration will allow for a more efficient and cost-effective process as all entries will share a single docket and there will be a reduction in or elimination of duplicative requests.

14. There will be no prejudice to creditors or other parties in interest if the relief sought herein is not granted. The Debtors are not seeking substantive consolidation.

### BASIS FOR RELIEF REQUESTED

15. Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b). In addition,

4



section 105 of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of chapter 11. *11 U.S.C. §105*.

16. 11 U.S.C. § 101(2) defines the term "affiliate" in relevant part as follows:

> (B) Corporations twenty percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, *or by an entity that directly or indirectly owns, controls, or holds with power to vote, twenty percent or more of the outstanding voting securities of the debtor...* .

*Id.* (Emphasis supplied.)

17. In every sense of the word, the Debtors are affiliates of one another, and the joint administration of the Debtors' cases is necessary and appropriate. As described in the First Day Declaration, the Debtors operate under common ownership and control. Specifically, the current membership interests of: (A) BeeGe are held as follows: Omar Merchan Gomez (72%) and Roberto D. Quiroga (28%) and (B) Beesion are wholly held by BeeGe *See First Day Declaration*, ¶ 18; *see also In re Lettick Typographic, Inc.*, 103 B.R. 32, 38 n.7 (Bankr. D. Conn. 1989) (noting that a debtor and non-debtor which are owned (20% or more) by the same entity are affiliates of one another under Bankruptcy Code §101(2)); *In re H&S Transportation Company, Inc.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (stating that three debtors which have the same ownership are affiliates as defined by Bankruptcy Code §101(2)).

18. There is also a strong identity of interests between the Debtors. The respective obligations by each of the Debtors to the Lender are cross-secured by the assets of each of the Debtors and a default by one of the Debtors as to its obligations to the Lender constitutes a default by the other. Therefore, the Debtors submit that they are affiliates of one another, and their cases should be jointly administered.

**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

19. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these Subchapter V Chapter 11 cases will be related and overlapping. Accordingly, the Bankruptcy Code, the Bankruptcy Rules and Local Rules authorize the Court to grant the relief requested herein.

20. The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

21. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

22. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases and the he entry of an order re-assigning the above-referenced bankruptcy case to the

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

Honorable Scott M. Grossman, as he is the judge presiding over the Beesion case, is in the best interests of the Debtors, their estates, and other parties-in-interest.

23. In accordance with Local Rule 5005-1(G)(1), the Debtor has attached hereto a proposed ordergranting this Motion as **Exhibit "A"**, which shall also be uploaded via CM/ECF in accordance with the Court's Guidelines for Preparing, Submitting and Serving Orders.

**WHEREFORE**, the Debtor respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit "A",** (i) granting this Motion; (ii) transferring the above referenced bankruptcy case to the Honorable Scott M. Grossman; (iii) authorizing the joint administration of these Subchapter V Chapter 11 Bankruptcy Cases for procedural purposes only; and (iv) and granting such other and further relief as is just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on July 16, 2020.

> AGENTIS PLLC
> *Proposed Counsel for Debtor-in-Possesion*
> 55 Alhambra Plaza, Suite 800
> Coral Gables, Florida 33134
> T. 305.722.2002
>
> By:    */s/ Jacqueline Calderin*
>        Jacqueline Calderin
>        Florida Bar No: 134414
>        jc@agentislaw.com

**EXHIBIT "A"**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FOURT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| BEEGEE HOLDINGS CORP., | Case No.: 20-_____-_____ |
| _____Debtor._____ / | Chapter 11 |
| BEESION TECHNOLOGIES, LLC, | Case No.: 20-_____-_____ |
| _____Debtor._____ / | Chapter 11 |

**ORDER GRANTING DEBTOR'S *EX PARTE* MOTION
FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES AND
INTRA-DISTRICT TRANSFER AND JUDICIAL REASSIGNMENT
OF BANKRUPTCY CASE TO THE HONORABLE SCOTT M. GROSSMAN**

THIS MATTER came before the Court upon the *Debtor's Emergency Ex-Parte Motion for Joint Administration of Chapter 11 Cases and Intra-District Transfer and Judicial Reassignment of Bankruptcy Case to the Honorable Scott M. Grossman* [ECF# --] (the "Motion")[3] filed pursuant to Sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rules 1015-1 1073-1 (B),

---

[3] Any and all capitalized terms not expressly defined herein, shall bear the meaning ascribed to them in the Motion.

5005-1(G)(1)(a), and 9013-1(C)(14). The Court finds that joint administration of the Bankruptcy Cases is justified. Accordingly, it is

**ORDERED:**

1. The Motion is **GRANTED.**

2. The above-referenced bankruptcy case is transferred to the Honorable Scott M. Grossman.

3. The Bankruptcy Cases shall be jointly administered and BEEGE HOLDINGS CORP, and 20-17683-SMG is designated as the "Lead Case".

4. The Clerk of Court shall maintain a single case docket using the Lead Case number.

5. The Clerk of Court shall maintain separate claims registers and ballot files (if separate plans are filed) for each of the Bankruptcy Cases.

6. Except as otherwise set forth below, all papers including, without limitation, motions, applications, notices, monthly operating reports, and orders shall be filed in the Lead Case and shall bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

*In re:*

| | |
|---|---|
| BEEGE HOLDINGS CORP, *et. al.* | Chapter 11 |
| | Case No.: 20-17683-SMG |
|     Debtors.                      / | Case No.: 20-17683-SMG |
| | *Jointly Administered with* Case No.: 20-17683-SMG |

2

7.     The Clerk of Court shall docket this Order in each of the Bankruptcy Cases and give notice to all CM/ECF filers and PACER users that all future filings shall be filed and docketed in the Lead Case.

8.     The following papers shall be filed in the separate Bankruptcy Cases, captioned with the name and case number for that particular case:

   a. List of creditors pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure;
   b. Schedules and statements of financial affairs (and any amendments thereto);
   c. Claims (and any objections to claims and notices relating to transfers of claims);
   d. Ballots (if separate plans are filed); and
   e. Motions for final decree.

9.     Each of the jointly administered Debtors shall file separate monthly operating reports to be docketed in the Lead Case.

10.    Papers and orders that pertain to one or more specific Debtor(s) shall be filed in the Lead Case; however, the caption of the paper or order shall designate the specific Debtor(s) to which the paper or order applies. The caption of the paper and or order shall be in the following form:

11.    A single case docket and court file will be maintained hereafter under the "lead case" number.

12.    Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

13.    Debtors in possession, or if applicable, trustees, shall not commingle assets or liabilities unless and until the Court determines, after notice and hearing, that grounds exist to order substantive consolidation of the Bankruptcy Cases.

3

14. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these Subchapter V Chapter 11 cases.

15. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

16. If creditors are added to the matrices of the administratively consolidated Debtors, counsel for the Debtors shall serve this Order on all added creditors and file proof of such service in the Lead Case.

17. The Debtors shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

**Submitted by:**
Jacqueline Calderin
Florida Bar No.: 134414
jc@agentislaw.com
AGENTIS PLLC
*Proposed Counsel for the Debtors in Possession*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com
Attorney Calderin is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.